# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA


FILED

JUL 1 1 2013

Deputy Clerk, U.S. District Court
Middle District of Louisiana
Baton Rouge, La.

### SECOND SUPERSEDING INDICTMENT FOR CONSPIRACY TO DISTRIBUTE AND POSSESS WITH THE INTENT TO DISTRIBUTE TWO HUNDRED EIGHTY GRAMS OR MORE OF COCAINE BASE AND FIVE OR MORE KILOGRAMS OF COCAINE, POSSESSION WITH THE INTENT TO DISTRIBUTE COCAINE AND TWENTY-EIGHT GRAMS OR MORE OF COCAINE BASE, DISTRIBUTION OF FIVE HUNDRED GRAMS OR MORE OF COCAINE, DISTRIBUTION OF COCAINE BASE, DISTRIBUTION OF COCAINE, DISTRIBUTION OF TWENTY-EIGHT GRAMS OR MORE OF COCAINE BASE, DISTRIBUTION OF TWO HUNDRED EIGHTY GRAMS OR MORE OF COCAINE BASE, POSSESSION WITH THE INTENT TO DISTRIBUTE FIVE HUNDRED GRAMS OR MORE OF COCAINE, CARJACKING, POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME, DISCHARGING, CARRYING, AND USING A FIREARM DURING AND IN RELATION TO A CRIME OF VIOLENCE AND A DRUG TRAFFICKING CRIME, POSSESSION OF FIREARM BY A CONVICTED FELON, AND FORFEITURE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 13-57-JJB-RLB |
| | : | |
| VERSUS | : | 21 U.S.C. § 846 |
| | : | 21 U.S.C. § 841(a)(1) |
| JEFFERY D. PERRY | : | 18 U.S.C. § 2119 |
| ERIC D. PERRY, also known as "Wayne" | : | 18 U.S.C. § 924(c)(1)(A) |
| JONATHAN J. PERRY | : | 18 U.S.C. § 922(g)(1) |
| JERMAINE J. CHAPMAN, also known as | : | 18 U.S.C. § 2 |
| "Dump Truck" | : | 21 U.S.C. § 853 |
| CHARLES BOYER, also known as "Slim" | : | |
| EUGENE C. WILLIAMS, also known as | : | |
| "June" | : | |
| JONATHAN D. JOHNSON, also known as | : | |
| "Johnny" | : | |
| BLAZE J. FRANKLIN | : | |

## THE GRAND JURY CHARGES:

## AT ALL TIMES RELEVANT TO THIS INDICTMENT:

1.  **JEFFERY D. PERRY**, (hereinafter referred to as "**PERRY**") was a resident of Baton

    Rouge, Louisiana, who obtained kilogram amounts of cocaine from Houston, Texas and

    elsewhere, and converted some of those amounts into cocaine base, also known as

"crack" cocaine (hereinafter referred to as "crack" cocaine) for distribution to others in Baton Rouge, Louisiana.

2. **PERRY** also distributed kilogram, multi-ounce, and ounce amounts of cocaine to customers in Baton Rouge, Louisiana.

3. **ERIC D. PERRY**, also known as **"WAYNE,"** distributed cocaine and "crack" cocaine for his brother, **PERRY**, collected payments from customers for the controlled substances which **PERRY** distributed to others and stored **PERRY's** firearms.

4. **JONATHAN J. PERRY,** helped his brother **PERRY** to transport cocaine from Texas to Baton Rouge, LA and sold "crack" cocaine provided to him by his brother **PERRY** to others.

5. Three females identified as "K.B.," "T.M.," and "R.C.," also known as "REVA," were **PERRY's** girlfriends.

6. **JERMAINE J. CHAPMAN**, also known as **"DUMP TRUCK,"** (hereinafter referred to as **"CHAPMAN"**) assisted **PERRY** to transport kilograms of cocaine from Texas to Baton Rouge, Louisiana, distributed multi-ounce and ounce quantities of cocaine and "crack" cocaine to customers and collected payments from customers for controlled substances they acquired from **PERRY**, purchased supplies to help **PERRY** make "crack" cocaine for distribution to others, delivered quantities of cocaine concealed in nearby locations to **PERRY**, so that **PERRY** could distribute those amounts to his customers.

7. **CHARLES BOYER,** also known as **"SLIM,"** (hereinafter referred to as **"BOYER"**) distributed cocaine and "crack" cocaine on **PERRY's** behalf and collected payments from many of **PERRY's** customers.

8. **EUGENE C. WILLIAMS,** also known as **"JUNE,"** (hereinafter referred to as **"WILLIAMS"**) distributed cocaine and "crack" cocaine on **PERRY's** behalf and collected payments from many of **PERRY's** customers.

9. **JONATHAN D. JOHNSON**, also known as **"JOHNNY,"** (hereinafter referred to as **"JOHNSON"**) distributed "crack" cocaine for **PERRY,** purchased supplies for **PERRY** to make "crack" cocaine for distribution to others, helped **PERRY** transport kilograms of cocaine from Texas to Baton Rouge, Louisiana, at one of the locations **PERRY** used to make and distribute "crack" cocaine and cocaine.

10. **BLAZE J. FRANKLIN** (hereinafter referred to as **"FRANKLIN"**) helped **PERRY** transport kilograms of cocaine from Texas to Baton Rouge, Louisiana.

11. An individual identified as "J.J.," also known as "DEW BABY," (hereinafter referred to as "DEW BABY") distributed cocaine and "crack" cocaine for **PERRY** and retrieved amounts of cocaine concealed in nearby residences and delivered those amounts to **PERRY** to distribute to others.

12. DONALD FRANK, also known as "TITTY BUMP", was a broker for **PERRY** during a multi-kilogram cocaine related transaction and was one of **PERRY's** customers, who purchased kilogram amounts of cocaine from **PERRY**.

13. DARNELL DALTON, also known as "MENACE", distributed "crack" cocaine for **PERRY,** collected payments customers owed to **PERRY**, and was also one of **PERRY's** customers.

14. MARK ALLEN sampled and tested the quality of the "crack" cocaine **PERRY** cooked and purchased supplies **PERRY** needed to make multi-ounce quantities of "crack" cocaine for distribution to others.

15. **PERRY** had an individual build secret compartments, referred to as "spots," for **PERRY** to conceal cocaine, "crack" cocaine, firearms, and drug trafficking related proceeds.

16. SHAWN M. DEAN purchased ounce amounts of cocaine and "crack" cocaine from **PERRY** and his brother, **ERIC D. PERRY**.

## COUNT ONE

17. Beginning on an exact date unknown to the Grand Jury, but in or before August 2006, and continuing until in or about September 2011, in the Middle District of Louisiana and elsewhere, the defendants herein,

**JEFFERY D. PERRY**
**ERIC D. PERRY**
**JONATHAN J. PERRY**
**JERMAINE J. CHAPMAN**
**CHARLES BOYER**
**EUGENE C. WILLIAMS**
**JONATHAN D. JOHNSON**
**BLAZE J. FRANKLIN**

did conspire with each other and others, both known and unknown to the Grand Jury, knowingly and intentionally to distribute and to possess with the intent to distribute two hundred and eighty (280) grams or more of cocaine base, also known as "crack" cocaine and five (5) kilograms or more of cocaine, Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), and did aid and abet the commission of said conspiracy.

## OBJECT OF THE CONSPIRACY

18. The object of the conspiracy was to buy, possess, transport, distribute, and profit from the sale of "crack" cocaine and cocaine.

## MANNER AND MEANS OF ACCOMPLISHING THE CONSPIRACY

19. In order to accomplish the purpose of the conspiracy, the defendants used, and caused others to use, the following manner and means:

    a. **PERRY** obtained kilograms of cocaine and converted substantial portions of this controlled substance into "crack" cocaine, and distributed those amounts as well as kilogram and multi-ounce quantities of cocaine to others in Baton Rouge, Louisiana.

    b. **PERRY** used residences located at XX1 Evergreen St, XX1 Delphine St., XX3 Delphine St., and XXX2 Louisiana St., referred to as "click houses," to cook and to distribute "crack" cocaine and cocaine to others.

    c. **PERRY** used vehicles, registered in the names of others, to transport cocaine and drug trafficking proceeds.

    d. **PERRY** sent **JOHNSON**, SLIM, DEW BABY, MARK ALLEN, and a female, identified as "REVA," to purchase supplies he needed to make and distribute "crack" cocaine.

    e. **PERRY** sent **CHAPMAN, JOHNSON,** SLIM, DEW BABY, and DARNELL DALTON to deliver "crack" cocaine and cocaine to customers and to collect payments for the cocaine and "crack" cocaine he distributed.

f. Sometimes "SLIM" and **CHAPMAN** handled sales of cocaine for **PERRY** while **PERRY** was away from the "click" houses at the Delphine, Evergreen, and Louisiana St. locations.

g. **PERRY** possessed firearms to protect the cocaine, the "crack" cocaine, and the cash he made selling those controlled substances. One of these firearms was referred to as "the Judge."

h. Sometimes, **PERRY** exchanged amounts of "crack" cocaine for power tools, electronic items, such as computer laptops and video game consoles, and firearms.

i. **PERRY** used **CHAPMAN** to maintain utilities in his **(CHAPMAN's)** name for the "click house" located at XX1 Evergreen St. so as to hide **PERRY's** drug trafficking activities in the event police were to raid those premises.

j. **PERRY** kept a number of people at his "click" houses as a measure to hide his drug trafficking activities were police to raid those premises.

k. **PERRY** had individuals standing outside the various "click houses" as police lookouts.

l. In the event of a traffic stop by law enforcement agents on the way to or back from Texas with either cash intended towards the purchase of controlled substances, **PERRY** usually travelled with others, such as **CHAPMAN** and **JOHNSON**, as a measure to avoid criminal liability were law enforcement agents to find such items in any vehicle he occupied.

m. In September 2009, an individual, identified as "the Chinaman" and "the Chinese man", hereinafter referred to as "the Chinaman", supplied **PERRY** with kilogram amounts of cocaine.

## ACTS IN FURTHERANCE OF THE CONSPIRACY

20. On or about June 10, 2009, at XX3 Delphine St., Baton Rouge, Louisiana, **PERRY** possessed approximately fourteen (14) bags of "crack" cocaine containing approximately fifty-eight (58) grams of a substance containing a detectable quantity of "crack" cocaine, digital scales, a Smith and Wesson .40 caliber pistol, bearing serial number RBP4454, and a Ruger, Model P94, .40 caliber pistol, bearing serial number 341-48755.

21. On or about September 8, 2009, at approximately 3:22 p.m., DONALD FRANK met an individual, identified as "MIAMI," a confidential informant employed by the Drug Enforcement Administration, at a parking lot at or near Wal-Mart off College Dr., Baton Rouge, Louisiana to negotiate on behalf of **PERRY** the purchase of multi-kilogram amounts of cocaine from MIAMI.

22. On or about September 9, 2009, at approximately 9:40 a.m., during a recorded phone conversation between MIAMI and DONALD FRANK, the latter told MIAMI that he wished to purchase fourteen (14) kilograms of cocaine from him.

23. On or about September 9, 2009, at approximately 11:15 a.m., DONALD FRANK met MIAMI in the Wal-Mart parking lot, off College Drive, where they discussed the manner and method of payment and delivery of the fourteen (14) kilograms of cocaine **PERRY** expected to purchase.

24. On or about September 9, 2009, at approximately 12:16 p.m., MIAMI arrived at the parking lot of the Piccadilly Restaurant, located off 3164 Government St., Baton Rouge, Louisiana.

25. On or about September 9, 2009, at approximately 12:28 p.m., **PERRY** drove up to 2978 Government St, Baton Rouge, Louisiana, in a 2008 black Infinity G35, met MIAMI, and then drove off.

26. On or about September 9, 2009, at approximately 12:40 p.m, **ERIC D. PERRY** drove up in a 2008 black Infinity G35, to the parking lot at or near 2928 Government St, Baton Rouge, Louisiana, met MIAMI, and pointed out a black Dodge Challenger to MIAMI approaching their location.

27. After **PERRY** parked the black Dodge Challenger at or near this parking lot, MIAMI stepped into **PERRY's** car, and after a minute or so, emerged from the Dodge Challenger and gave the signal to law enforcement agents to arrest **PERRY**.

28. As law enforcement agents approached **PERRY's** black Dodge Challenger to arrest him, **PERRY** sped away, pursued by the police.

29. Minutes later, before he was apprehended by law enforcement agents, **PERRY** concealed a duffel bag, containing approximately $300,000 in cash, beneath a house.

30. Sometime, between on or about September 25, 2009 and on or about October 1, 2009, **PERRY** shared with ALLEN his plan to rob the Chinaman, his source of supply, of kilogram amounts of cocaine.

31. Sometime, between on or about September 25, 2009 and on or about October 1, 2009, the Chinaman arrived at the click house, located at or near XX1 Evergreen St., with kilogram amounts of cocaine.

32. Minutes later, after **PERRY** took possession of the cocaine, the Chinaman requested payment from **PERRY** for the cocaine he had delivered to him, who thereafter replied that he had no intent to pay him.

33. After the Chinaman repeated his demand for payment, **BOYER** pointed a firearm at the Chinaman, while ALLEN struck the Chinaman on the head, knocking down. The Chinaman was ordered to leave the click house while the cocaine remained with **PERRY.**

34. On or about October 2, 2009, **PERRY** shared with ALLEN his plan to rob W.J., one of his customers, of cash he believed W.J. would bring with him to the click house at or near XX1 Evergreen St., to pay for multi-kilogram amounts of cocaine he expected to purchase from **PERRY.**

35. On or about October 2, 2009, W.J. met **PERRY** at the click house, located at or near XX1 Evergreen St., Baton Rouge, LA, and agreed to purchase approximately three (3) kilograms of cocaine from **PERRY**

36. On or about October 3, 2009, W.J. met **PERRY** again at the click house to confirm his upcoming purchase of three (3) kilograms of cocaine.

37. On or about October 3, 2009, **PERRY** contacted his brother, **WAYNE**, requesting a firearm from him.

38. On or about October 3, 2009, **WAYNE** gave a .380 caliber semi-automatic pistol to **BOYER,** who, in turn, concealed this firearm under a couch at the click house, on XXX2 Louisiana St.

39. On or about October 3, 2009, **BOYER** handed the .380 caliber semi-automatic pistol to ALLEN.

40. On or about October 3, 2009, a few minutes after W.J. arrived at XX1 Evergreen St., Baton Rouge, Louisiana, with over $80,000, which he expected to pay **PERRY** for the three (3) kilograms of cocaine he negotiated to purchase the day before, he was shot and wounded by MARK ALLEN, who, thereafter, took his cash and his vehicle.

41. On or about October 3, 2009, after the robbery, ALLEN met **PERRY** and gave him the money he had robbed from W.J. at gun point.

42. On or about October 3, 2009, **PERRY** and **JUNE** met ALLEN at a motel in Baton Rouge, Louisiana, where ALLEN returned the .380 caliber semi-automatic pistol, used during the robbery, to **PERRY** and **JUNE,** and **PERRY** paid ALLEN approximately $5,000 and one (1) ounce of "crack" cocaine for ALLEN'S part in the robbery.

43. On or about October 4, 2009, **PERRY** and **JUNE** provided ALLEN a Taurus, Model PT100AFS, .40 caliber semi-automatic pistol, bearing serial number SZC94583.

44. On or about November 1, 2009, **PERRY** was carrying approximately $34,000 in cash in a 2007 two door Honda Accord, bearing LA License Plate No. TFB 110.

45. On or about July 1, 2010, at XX1 Evergreen St., **PERRY** and **CHAPMAN** possessed digital scales in the kitchen, a Smith and Wesson .40 caliber pistol, bearing serial number PAV4863 as well as a Smith and Wesson, 38 caliber revolver, bearing serial number C490438, in a secret compartment, in a cabinet beneath the kitchen sink, and five bags containing approximately seventy-eight grams (78) grams of a substance containing a detectable quantity of "crack" cocaine in another secret compartment above the bedroom door.

46. On or about September 15, 2010, **PERRY** and **JONATHAN J. PERRY** were in a white two door Honda Accord, bearing LA. License Plate No. TQD499, registered to T.M, one of **PERRY's** girlfriends, driving through Jefferson County, Texas, westbound on I-10, carrying approximately $71,000 in cash in a hidden compartment behind the rear seat of this vehicle.

47. On or about October 30, 2010, **PERRY** possessed a Titan .38 caliber revolver, bearing serial number N032178.

48. On or about July 13, 2011, at or near XXX2 Louisiana St., Baton Rouge, Louisiana, **PERRY** distributed approximately two and a quarter (2 ¼ ) ounces of a substance containing a detectable quantity of "crack" cocaine for approximately $2,000.

49. On or about July 21, 2011, DARNELL DALTON provided approximately one (1) ounce of "crack" cocaine to **JONATHAN J. PERRY** for distribution to another.

50. On or about July 21, 2011, at or near XXX2 Louisiana St., Baton Rouge, Louisiana, **PERRY** made and thereafter distributed approximately eleven and a quarter (11 ¼) ounces of a substance containing a detectable quantity of "crack" cocaine for approximately $9,000.

51. On or about August 11, 2011, for the sum of $200, **JOHNSON** purchased from K.B., one of **PERRY's** girlfriends, a 2004 Toyota Solara, bearing La. License Plate No. VQX432 (hereinafter referred to as "Toyota Solara").

52. Sometime between on or about September 10 and September 17, 2011, **PERRY** distributed two and a quarter (2 ¼) ounces of "crack" cocaine, on a credit basis, to SHAWN M. DEAN.

53. On or about September 18, 2011, at approximately 7:40 a.m., **PERRY** and **JOHNSON**, were together in the Honda Accord, bearing La. License Plate No. TQD499, and **CHAPMAN** and **FRANKLIN** were in the Toyota Solara, in Port Allen, Louisiana, traveling on I-10 West, headed toward Houston, Texas.

54. On or about September 18, 2011, sometime after 6:30 p.m., **CHAPMAN** and **FRANKLIN,** were together in the Toyota Solara, as **FRANKLIN** drove into Baton Rouge, Louisiana, traveling on I-10 East, ahead of **PERRY** and **JOHNSON**, carrying approximately two kilograms of cocaine in a hidden compartment in the Toyota Solara.

55. On or about September 18, 2011, sometime after 6:30 p.m., **PERRY** and **JOHNSON** were together in the Honda Accord, bearing La. License Plate No. TQD499, in West Baton Rouge Parish, travelling on I-10 East, headed towards Baton Rouge.

56. Sometime between on or about September 19, 2011 and on or about September 29, 2011, **ERIC D. PERRY** contacted SHAWN M. DEAN and told him that he, **ERIC D. PERRY,** was collecting debts owed to his brother, **PERRY,** for "crack" cocaine **PERRY** had distributed before September 18, 2011, adding that SHAWN M. DEAN had to pay **ERIC D. PERRY** the amount he owed **PERRY** for the two and a quarter (2 ¼ ) ounces of "crack" cocaine, sold to him earlier by **PERRY** on a credit basis.

The above is a violation of Title 21, United States Code, Section 846 and Title 18, United States Code, Section 2.

## COUNT TWO

On or about June 10, 2009, in the Middle District of Louisiana, **JEFFERY D. PERRY**, **ERIC D. PERRY**, also known as **"WAYNE," JERMAINE J. CHAPMAN**, also known as **"DUMP TRUCK,"** and **JONATHAN D. JOHNSON**, also known as **"JOHNNY,"** defendants herein, knowingly and intentionally did possess with the intent to distribute twenty-eight (28) grams or more of a substance containing a detectable quantity of cocaine base, also known as "crack" cocaine, a Schedule II controlled substance.

The above is a violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT THREE

On or about June 10, 2009, in the Middle District of Louisiana, **JEFFERY D. PERRY**, **ERIC D. PERRY**, also known as **"WAYNE," JERMAINE J. CHAPMAN**, also known as **"DUMP TRUCK,"** and **JONATHAN D. JOHNSON**, also known as "JOHNNY," defendants herein, knowingly possessed a Smith and Wesson, .40 caliber pistol, bearing serial number RBP4454 and a Ruger, Model P94, .40 caliber pistol, bearing serial number 341-48755, in furtherance of the drug trafficking crimes charged in Counts One and Two, conspiracy to possess with the intent to distribute and to distribute two hundred eighty (280) grams or more of cocaine base, also known as "crack" cocaine and five (5) kilograms or more of cocaine, and possession with the intent to distribute twenty-eight (28) grams or more of cocaine base, also known as "crack" cocaine, which are violations of Title 21, United States Code, Sections 846 and 841(a)(1) and Title 18, United States Code, Section 2.

The above is a violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT FOUR

Between on or about August 31, 2009 and on or about September 8, 2009, **JEFFERY D. PERRY**, **ERIC D. PERRY**, also known as "**WAYNE**," **JERMAINE J. CHAPMAN**, also known as "**DUMP TRUCK**," and **JONATHAN D. JOHNSON**, also known as "**JOHNNY**," defendants herein, knowing and intentionally, did distribute five hundred (500) grams or more of cocaine, a Schedule II controlled substance.

The above is a violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT FIVE

On or about October 3, 2009, in the Middle District of Louisiana, **JEFFERY D. PERRY**, **ERIC D. PERRY**, also known as "**WAYNE**", and, **CHARLES BOYER**, also known as "**SLIM**", defendants herein, with the intent to cause death and serious bodily harm, took and caused another to take a 2006 Toyota Camry, bearing Louisiana License Plate No. RDF 453 and Vehicle Identification No. 4T1BE32K56U124725, that had been transported in interstate and foreign commerce from and in the presence of W.J., by force and violence and intimidation, with a firearm, resulting in a bullet wound to W.J.'s left arm, which caused W.J. extreme physical pain.

The above is a violation of Title 18, United States Code, Sections 2119 and 2.

## COUNT SIX

On or about October 3, 2009, in the Middle District of Louisiana, **JEFFERY D. PERRY, ERIC D. PERRY**, also known as **"WAYNE"**, and **CHARLES BOYER**, also known as **"SLIM"**, defendants herein, knowingly used, carried, and discharged a firearm during and in relation to the crime of violence and the drug trafficking crime described in Counts One and Five.

The above is a violation of Title 18, United States Code, Section 924(c)(1)(A)(iii) and 2.

## COUNT SEVEN

On or about October 4, 2009, in the Middle District of Louisiana, **JEFFERY D. PERRY**, defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year (a felony), knowingly did possess a Taurus, Model PT100AFS, .40 caliber semi-automatic pistol, bearing serial number SZC94583, which firearm had previously been transported in interstate and foreign commerce.

The above is a violation of Title 18, United States Code, Section 922(g)(1).

## COUNT EIGHT

On or about October 4, 2009, in the Middle District of Louisiana, **JEFFERY D. PERRY**, defendant herein, knowingly did aid and abet MARK E. ALLEN, a person previously convicted of a crime punishable by imprisonment for a term exceeding one year (a felony), to knowingly possess a Taurus, Model PT100AFS, .40 caliber semi-automatic pistol, bearing serial number SZC94583, which firearm had previously been transported in interstate and foreign commerce.

The above is a violation of Title 18, United States Code, Sections 922(g)(1) and 2.

## COUNT NINE

On or about July 1, 2010, in the Middle District of Louisiana, **JEFFERY D. PERRY**, **ERIC D. PERRY**, also known as "**WAYNE**," **JERMAINE J. CHAPMAN**, also known as "**DUMP TRUCK**," and **JONATHAN D. JOHNSON**, also known as "**JOHNNY**," defendants herein, knowingly and intentionally did possess with the intent to distribute cocaine and twenty-eight (28) grams or more of a substance containing a detectable quantity of cocaine base, also known as "crack" cocaine, a Schedule II controlled substances.

The above is a violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT TEN

On or about July 1, 2010, in the Middle District of Louisiana, **JEFFERY D. PERRY**, **ERIC D. PERRY**, also known as "**WAYNE**," **JERMAINE J. CHAPMAN**, also known as "**DUMP TRUCK**," and **JONATHAN D. JOHNSON**, also known as "**JOHNNY**," defendants herein, knowingly possessed a Smith and Wesson, .38 caliber revolver, bearing serial number C490438 and a Smith and Wesson .40 caliber pistol, bearing serial number PAV4863, in furtherance of the drug trafficking crimes charged in Counts One and Nine, conspiracy to possess with the intent to distribute and to distribute two hundred eighty (280) grams or more of cocaine base, also known as "crack" cocaine and five (5) kilograms or more of cocaine, and possession with the intent to distribute twenty-eight (28) grams or more of cocaine base, also known as "crack" cocaine and cocaine, which are violations of Title 21, United States Code, Sections 846 and 841(a)(1) and Title 18, United States Code, Section 2.

The above is a violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

## COUNT ELEVEN

On or about October 30, 2010, in the Middle District of Louisiana, **JEFFERY D. PERRY**, defendant herein, having been convicted of a crime punishable by imprisonment for a term exceeding one year (a felony), knowingly did possess a Titan Tiger .38 caliber revolver, bearing serial number N031278, which firearm had previously been transported in interstate and foreign commerce.

The above is a violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWELVE

Between on or about November 6, 2010 and on or about November 12, 2010, in the Middle District of Louisiana, **JEFFERY D. PERRY, ERIC D. PERRY**, also known as **"WAYNE," JERMAINE J. CHAPMAN**, also known as **"DUMP TRUCK,"** and **JONATHAN D. JOHNSON**, also known as **"JOHNNY,"** defendants herein, knowingly and intentionally did distribute a substance containing cocaine, a Schedule II controlled substance.

The above is a violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT THIRTEEN

On or about July 13, 2011, in the Middle District of Louisiana, **JEFFERY D. PERRY, ERIC D. PERRY**, also known as **"WAYNE," JERMAINE J. CHAPMAN**, also known as **"DUMP TRUCK,"** and **JONATHAN D. JOHNSON**, also known as **"JOHNNY,"** defendants herein, knowingly and intentionally did distribute twenty-eight (28) grams or more of cocaine base, also known as "crack" cocaine, a Schedule II controlled substance.

The above is a violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT FOURTEEN

On or about July 21, 2011, in the Middle District of Louisiana, **JEFFERY D. PERRY,**
**ERIC D. PERRY**, also known as **"WAYNE," JONATHAN J. PERRY, JERMAINE J.**
**CHAPMAN**, also known as **"DUMP TRUCK,"** and **JONATHAN D. JOHNSON**, also known
as **"JOHNNY,"**, defendants herein, knowingly and intentionally did possess with the intent to
distribute a substance containing a detectable quantity of cocaine base, also known as "crack"
cocaine, a Schedule II controlled substance.

The above is a violation of Title 21, United States Code, Section 841(a)(1) and Title 18,
United States Code, Section 2.

## COUNT FIFTEEN

On or about July 21, 2011, in the Middle District of Louisiana, **JEFFERY D. PERRY,**
**ERIC D. PERRY**, also known as **"WAYNE," JERMAINE J. CHAPMAN**, also known as
**"DUMP TRUCK,"** and **JONATHAN D. JOHNSON**, also known as **"JOHNNY,"** defendants
herein, knowing and intentionally, did distribute two hundred eighty grams (280) grams or more
of cocaine base, also known as "crack" cocaine, a Schedule II controlled substance.

The above is a violation of Title 21, United States Code, Section 841(a)(1) and Title 18,
United States Code, Section 2.

## COUNT SIXTEEN

Between on or about September 10, 2011 and September 17, 2011, in the Middle District of Louisiana, **JEFFERY D. PERRY, ERIC D. PERRY**, also known as "**WAYNE,**" **JERMAINE J. CHAPMAN**, also known as "**DUMP TRUCK,**" **JONATHAN D. JOHNSON**, also known as "**JOHNNY,**" and **BLAZE J. FRANKLIN**, defendants herein, knowingly and intentionally, did distribute a substance containing cocaine base, also known as "crack" cocaine, a Schedule II controlled substance.

The above is a violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT SEVENTEEN

On or about September 18, 2011, in the Middle District of Louisiana, **JEFFERY D. PERRY, ERIC D. PERRY**, also known as "**WAYNE,**" **JERMAINE J. CHAPMAN**, also known as "**DUMP TRUCK,**" **JONATHAN D. JOHNSON**, also known as "**JOHNNY,**" and **BLAZE J. FRANKLIN**, defendants herein, knowingly and intentionally did possess with the intent to distribute five hundred (500) grams or more of a substance containing a detectable quantity of cocaine, a Schedule II controlled substance.

The above is a violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.

## COUNT EIGHTEEN

On or about September 28, 2011, in the Middle District of Louisiana, **ERIC D. PERRY**, also known as **"WAYNE,"** defendant herein, knowingly and intentionally did distribute twenty-eight (28) grams or more of a substance containing a detectable quantity of cocaine base, also known as "crack" cocaine, a Schedule II controlled substance.

The above is a violation of Title 21, United States Code, Section 841(a)(1).

## COUNT NINETEEN

On or about December 13, 2011, in the Middle District of Louisiana, **ERIC D. PERRY**, also known as **"WAYNE,"** defendant herein, knowingly and intentionally did distribute twenty-eight (28) grams or more of a substance containing a detectable quantity of cocaine base, also known as "crack" cocaine, a Schedule II controlled substance.

The above is a violation of Title 21, United States Code, Section 841(a)(1).

## FORFEITURE ALLEGATION

1. As a result of the felony offenses alleged in Counts One, Two, Four, Nine, and Counts Twelve through Seventeen and upon conviction of these offenses as charged, **JEFFERY D. PERRY, ERIC D. PERRY**, also known as **"WAYNE," JONATHAN J. PERRY, JERMAINE J. CHAPMAN**, also known as **"DUMP TRUCK," CHARLES BOYER**, also known as **"SLIM," EUGENE C. WILLIAMS,** also known as **"JUNE," JONATHAN D. JOHNSON**, also known as **"JOHNNY,"** and **BLAZE FRANKLIN**, defendants herein, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from proceeds obtained, directly or indirectly, as a result of the said violations, and any property used, or intended

to be used, in any manner or part, to commit, or to facilitate the commission of the violations.

2. If any of the property or proceeds obtained directly or indirectly as a result of the offenses charged, due to any act of omission of the defendants:

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with a third party;

      c.  has been placed beyond the jurisdiction of the court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to a forfeiture money judgment and shall be allowed to forfeit substitute property pursuant to Title 21, United States Code, Section 853(p) in satisfaction of the forfeiture money judgment.

UNITED STATES OF AMERICA, by           A TRUE BILL

_____      _____
J. WALTER GREEN                 GRAND JURY FOREPERSON
ACTING UNITED STATES ATTORNEY
MIDDLE DISTRICT OF LOUISIANA

_____        7.11.13
ROBERT W. PIEDRAHITA            _____
ASSISTANT UNITED STATES ATTORNEY  DATE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

INDICTMENT

*GRAND JURY RETURN*

Date: JULY 11, 2013

UNITED STATES OF AMERICA

CRIMINAL

VERSUS

NO.  13-57-JJB

JEFFERY D. PERRY
ERIC D. PERRY, also known as "Wayne"
JONATHAN J. PERRY
JERMAINE J. CHAPMAN, also known as
"Dump Truck"
CHARLES BOYER, also known as "Slim"
EUGENE C. WILLIAMS, also known as "June"
JONATHAN D. JOHNSON, also known as
"Johnny"
BLAZE J. FRANKLIN

PRESENT:

Rene' Salomon, Esq.
Assistant United States Attorney

SECOND SUPERSEDING INDICTMENT FILED. ARREST
WARRANT ISSUE.

.

\* \* \* \* \*