## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL NO. 13-57-JJB-RLB

versus

JEFFREY D. PERRY
ERIC D. PERRY
JONATHAN J. PERRY
JERMAINE J. CHAMPAN
CHARLES BOYER
EUGENE C. WILLIAMS
JONATHAN D. JOHNSON
BLAZE FRANKLIN

### MOTION TO CERTIFY CASE AS COMPLEX PURSUANT TO 18 USC§3161

NOW INTO COURT, through the undersigned counsel, comes all defendants in the captioned matter who respectfully request that this case be declared complex for the purposes of the Speedy Trial Act, 18 U.S.C. § 3161. In support of this motion the defendants state the following:

I.

The defendants have been named in a 19 count indictment charging various narcotics violations. All but one defendant has made an initial court appearance in accordance with 18§3161(c)(1).

II.

Pursuant to the defendants' discovery requests, the government has propounded 14 computer disks containing a voluminous amount of electronic discovery, including but not limited to, video surveillance, audio recordings, DEA Reports, local law enforcement reports,

financial records and utility records.  Undersigned counsel has been notified by the Assistant United States Attorney handling this matter that additional discovery will be provided shortly.

III.

This case involves eight (8) defendants.  Undersigned counsel files this motion on behalf of all defendants after having personally conferred with each defendant's counsel of record.

IV.

As provided at 18 USC§3161(h)(8)(B)(ii), when a case is so unusual or so complex due to the number of defendants, amount of discovery, the nature of the prosecution, or existence of novel questions of fact or law, and it is unreasonable to expect adequate preparation for pre-trial proceedings or for the trial itself within the time limits established by the Speedy Trial Act, then the tolling of such is permissible.  Further, under that same section, under subparagraph (I), when the failing to grant such relief would result in a miscarriage of justice, and under subparagraph (iv), or deny counsel for the defendant reasonable time necessary for the effective perpetration, taking into account the exercise of due diligence, then the time excluded for such period is not charged against the speedy trial clock.

V.

Also, 18 USC§3161(h)(1)(F) provides any delay resulting from any pre-trial motion, as here, precludes the computing, in the speedy trial clock, the period from the filing of the motion through the conclusion of hearing or disposition of it.

VI.

The defendants declare that because of their receipt of voluminous discovery in this matter, plus additional discovery which is later expected, the number of defendants, and the

complexity of the case as a whole, a miscarriage of justice would occur and undersigned counsel would be prevented ample opportunity to prepare for pre-trial matters, and trial, without a reasonable amount of time beyond the seventy (70) says statutory period provided for the speedy trial clock. Thus, this motion is made.

Wherefore**,** it is the prayer of all the defendants that the speedy trial clock under 18 USC§3161, et al, be interrupted for a reasonable period of time to allow preparation for pretrial motions and trial in this matter in light of the foregoing, with the Court specifically finding that an applicable exception under USC§3161 (h)(8)(B), specifically subparagraphs (I), (ii), and (iv) applies, preventing reasonable time necessary for effective preparation taking into account the exercise of due diligence for counsel for the defense. Further, it is requested that court find that after a "ends of justice" analysis, that the ends of justice served by the granting of this request outweighs the best interest of the public, and the defendant, in a speedy trial under the provisions of USC§3161, et seq.

RESPECTFULLY SUBMITTED BY:

s/MARCI BLAIZE
Marci Blaize
La. Bar Roll No. 25345
830 Main Street
Baton Rouge, Louisiana  70802
Telephone:  (225) 344-1711
Facsimile:  (225) 336-4667
Email:  marci@blaizelawfirm.com
Counsel for Jonathan D. Johnson

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 25, 2013 a copy of the foregoing Motion To Certify Complex was filed electronically with the Clerk of Court using CM/ECF system. Notice of this filing will be sent to Assistant United States Attorney Robert Piedrahita by operation of the court's electronic filing system.

                                                                     s/MARCI BLAIZE
                                                                     Marci Blaize
                                                                     La. Bar Roll No. 25345
                                                                     830 Main Street
                                                                     Baton Rouge, Louisiana  70802
                                                                    Telephone:  (225) 344-1711
                                                                    Facsimile:  (225) 336-4667
                                                                    Email:  Marci@Blaizelawfirm.com

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 12-133-JJB-SCR |
| versus | |
| JEFFREY D. PERRY<br>ERIC D. PERRY<br>JONATHAN J. PERRY<br>JERMAINE J. CHAMPAN<br>CHARLES BOYER<br>EUGENE C. WILLIAMS<br>JONATHAN D. JOHNSON<br>BLAZE FRANKLIN | |

### ORDER

**CONSIDERING THE FOREGOING** Motion to Certify as Complex Case filed by all defendants, the Court hereby finds that, pursuant to 18 USC§3161 (h)(7)(B)(i), (ii), and (iv) that it is unreasonable to expect adequate preparation for trial within the time limits established by the 18 USC§3161.  Furthermore, the ends of justice served by adherence to the Speedy Trial Act are outweighed by the best interest of the public and the defendants' need for a reasonable amount of time necessary for effective preparation, taking into account their exercise of due diligence.

In making this determination, the Court finds that the case is complex for purposes of 18 U.S.C. § 3161(h)(8)(B)(ii), as it involves a lengthy indictment charging numerous counts with multiple defendants and an enormous amount of electronic discovery.

Accordingly, IT IS HEREBY ORDERED that the Motion to Certify Case as Complex is hereby GRANTED.

IT IS FURTHER ORDERED that all deadlines set by the scheduling order are hereby suspended.

THUS DONE AND SIGNED this _____ day of July, 2013, in Baton Rouge, Louisiana.

_____
Judge James J. Brady
United States District Court Judge