**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

UNITED STATES OF AMERICA

CRIMINAL ACTION

VERSUS

NO. 13-057-SDD-RLB

JEFFREY D. PERRY ET AL.

**RULING ON DEFENDANTS'**
**MOTIONS FOR JUDGMENT OF ACQUITTAL OR A NEW TRIAL**

Defendants Jeffery Perry ("Perry") and Charles Boyer ("Boyer") move for Judgment of Acquittal or alternatively a New Trial. After a two-and-a-half week jury trial, Perry was convicted of Count 1, conspiracy to distribute and possess with intent to distribute 280 grams or more of cocaine base ("crack cocaine") and 5 kilograms or more of cocaine; Count 5, carjacking, Count 6, use, carrying, and discharge of a firearm in furtherance of a crime of violence and a drug trafficking crime; Count 7, possession of a firearm by a convicted felon; and Count 8, aiding and abetting a convicted felon (Mark Allen) in the possession of a firearm.[1] Boyer was convicted on Count 1, the conspiracy charge. Perry challenges his convictions on Counts 5 - 8, which arise out of a single incident involving cooperating witness Mark Allen ("Allen"), and Boyer challenges his conviction on Count 1, the conspiracy charge. The Government filed opposition memoranda to both motions, and Perry replied to the Government's opposition.

---

[1] Co-defendant Chapman was convicted of the same charges but did not file post-trial motions.

## JEFFERY PERRY

I.  **MOTION FOR JUDGMENT OF ACQUITTAL**

   A. **Law**

Under Federal Rule of Criminal Procedure 29(a), "the Court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain conviction." The Court evaluates the evidence "in the light most favorable to the Government, with all reasonable inferences and credibility determinations made in the Government's favor."[2] Under the Pinkerton doctrine, "a conspirator is liable for all acts committed by co-conspirators in furtherance of the conspiracy, including those acts committed without his knowledge and before he joined the conspiracy."[3] Carjacking has four prongs: "(1) taking or attempting to take from the person of another; (2) by force, violence, or intimidation; (3) intending to cause serious bodily injury; (sic) (4) a motor vehicle previously transported, shipped, or received in interstate or foreign commerce."[4]

   B. **Analysis**

Perry argues that the because Boyer was found not guilty of counts five and six[5] and Eugene Williams, count one, the Court must acquit him of counts five, six, seven, and eight.[6] Perry argues that inasmuch as the verdicts as among the co-conspirators

---

[2] *United States v. Vasquez*, 677 F.3d 685, 692 (5th Cir. 2012).
[3] *United States v. Rodriguez-Lopez*, 756 F.3d 422, 430 (5th Cir. 2014); *Pinkerton v. United States*, 328 U.S. 640, 646-67 (1946).
[4] 18 U.S.C. §2119.
[5] Count 5, carjacking; Count 6, use, carrying, and discharge of a firearm in furtherance of a crime of violence and a drug trafficking crime.
[6] Count 5, carjacking; Count 6, use, carrying, and discharge of a firearm in furtherance of a crime of violence and a drug trafficking crime; Count 7, possession of a firearm by a convicted felon; and Count eight aiding and abetting a convicted felon in the possession a firearm.

are inconsistent the evidence was insufficient to sustain his conviction.[7] It is well established however, inconsistent verdicts alone are not a basis for reversing a conviction.[8] Viewing the evidence in a light most favorable to the government the Court finds that the jury had sufficient evidence upon which to convict Perry on Counts 5 - 8. *Inter alia*, the jury heard evidence that Perry was financially motivated to conspire to commit robbery.[9] Cooperating witness Mark Allen testified that he and Boyer, who allegedly wielded a gun, robbed a man referred to only as "The Asian" of crack cocaine that "The Asian" delivered to Perry at a residence at 221 Evergreen St., Baton Rouge, Louisiana. There was evidence that Perry and others distributed crack cocaine out of the Evergreen residence. There was evidence that Perry planned and executed the robbery and car-jacking of W.J. with the assistance of cooperating witness Mark Allen. According to Mark Allen, Perry secured the weapon used to rob and carjack W.J. from his brother Eric Perry. Allen testified that after robbing and carjacking W.J., he drove W.J's car to a location near the Baton Rouge General Medical Center, and walked a short distance to a house rented by Perry located at 328 West Drive, where he delivered the cash stolen from W.J. to Perry.

Therefore, viewing the evidence in the light most favorable to the Government, the Court finds sufficient evidence to support the jury's verdict.

---

[7] Rec. 410, p. 2-3.
[8] *United States v. Thomas*, 690 F.3d 358, 374 (5th Cir. 2012).
[9] In September 2009, the defendant sustained a significant financial loss when law enforcement authorities seized approximately $300,000, which the defendant intended to use to pay for the purchase of fourteen (14) kilograms of cocaine from "Miami," an informant under the employ of the Drug Enforcement Administration ("D.E.A.").

## II. MOTION FOR A NEW TRIAL

### A. Law

Federal Rule of Criminal Procedure 33(a) allows the Court, "upon the defendant's motion," to "vacate any judgment and grant a new trial if the interest of justice so requires." The Court may grant a new trial if it finds that the jury verdict contrary to the "manifest weight of the evidence."[10] Generally, a court should only grant a new trial in "extraordinary circumstances."[11] Though the Court may act as a trier of fact and consider credibility of witnesses and weight of evidence, it cannot "set aside the verdict simply because it feels some other result would be more reasonable."[12]

### B. Analysis

Perry seeks a new trial for the same reasons he urges acquittal. Perry argues that the verdict presents "extraordinary circumstances" requiring a new trial because the jury convicted Perry for conspiratorial acts committed by Allen, while acquitting Boyer. In addition to the evidence set forth above, there was evidence at trial, including undercover surveillance video of Perry cooking crack, and Perry selling Crack to an undercover informant, from which the jury could have concluded that Perry was the leader of an extensive crack cocaine distribution ring that was operated by Perry out of residences owned by Perry's father. As for the jury's acquittal of Boyer on Counts five and six there was witness testimony which indicated that Boyer merely ran errands for Perry and stayed around the "click house". With respect to the robbery and carjacking of W.J., there was testimony that Boyer heard a gunshot and ran away. The Court finds that there are no exceptional circumstances which would require a new trial.

---

[10] *United States v. Hughes*, 505 F.3d 578, 592 (6th Cir. 2009).
[11] *Id.* at 593.
[12] *United States v. Shoemaker*, 746 F.3d 614, 631 (5th Cir. 2014).

## CHARLES BOYER

**I.   MOTION FOR JUDGMENT OF ACQUITTAL**

   **A.  Law**

Under Federal Rule of Criminal Procedure 29(a), "the Court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain conviction."  The Court should evaluate the evidence "in the light most favorable to the Government, with all reasonable inferences and credibility determinations made in the Government's favor."[13] For a drug trafficking conspiracy, the Government must prove three elements: first, that two or more persons agreed to violate federal drug laws; second, that the defendant knew about the agreement; and third, that the defendant participated in the agreement.[14] Circumstantial evidence can sustain a conspiracy conviction, and participation "may be inferred from a collocation of circumstances, and knowledge of the conspiracy may be inferred from surrounding circumstances."[15]

   **B.  Analysis**

The Government presented ample evidence of Boyer's participation in the conspiracy at trial. This evidence included, among other information: Utility bills in Boyer's name at one of the click (drug) houses, testimony from various cooperators that Boyer ran errands to obtain supplies for Perry, and testimony from various cooperators that Boyer was constantly around the house when Perry cooked crack cocaine. Regarding quantity, testimony of multiple witnesses, including Eric Perry, Jeffery Perry's brother, referenced Perry's selling of "ounces" of crack cocaine per

---

[13] *United States v. Vasquez*, 677 F.3d 685, 692 (5th Cir. 2012).
[14] *United States v. Gonzales*, 79 F.3d 413, 423 (5th Cir. 1996).
[15] *United States v. Chon*, 713 F.3d 812, 818-19 (5th Cir. 2013) (Internal citations omitted).

week, meeting the "280 grams or more" amount in the indictment. Boyer argues that the witnesses who identified him as a member of the conspiracy received deals for their testimony, rendering their testimony insufficient to convict him, and he also emphasizes his withdrawal around 2010.[16] However, the jury is entitled to make its own determinations on whether a witness is truthful, and the defense had opportunities to cross each witness and challenge their credibility.[17] Considering the evidence in the light most favorable to the Government, the Court cannot say that the jury's findings were not supported by sufficient evidence regarding Mr. Boyer and Count 1, the conspiracy charge. Boyer's status as an addict, further, does not prevent him from being a member of the conspiracy. The jury had evidence from which it could have concluded that his status as an addict, indeed, gave Boyer a reason to join the conspiracy: testimony of cooperators, namely Mark Allen, indicated that Boyer participated in the criminal enterprise and received crack cocaine as a result.[18]

Therefore, viewing the evidence in the light most favorable to the Government, the Court finds sufficient evidence to support the jury's verdict.

## II. MOTION FOR A NEW TRIAL

### A. Law

Federal Rule of Criminal Procedure 33(a) allows the Court, "upon the defendant's motion," to "vacate any judgment and grant a new trial if the interest of justice so requires." The Court may grant a new trial if it finds that the jury verdict contrary to the

---

[16] Rec. 409-1, p. 2, 4.
[17] *United States v. Fetters*, 698 F.3d 653, 658 (8th Cir. 2012).
[18] Allen testified that he and Boyer both would "taste" the crack cocaine for Perry to test its quality and received small amounts of crack from Perry in return.

"manifest weight of the evidence."[19] Generally, a court should only grant a new trial in "extraordinary circumstances."[20] Though the Court may act as a trier of fact and consider credibility of witnesses and weight of evidence, it cannot "set aside the verdict simply because it feels some other result would be more reasonable."[21]

### B. Analysis

Boyer uses arguments similar to those raised in urging acquittal. Boyer claims he was merely a user, that the credibility of the witnesses is too tainted, and other related arguments.[22] The Government argues that the witness testimony, Boyer's status as an addict, and Boyer's registering of utilities in his name at one of Perry's click houses is sufficient evidence such that the verdict was not contrary to the "manifest weight of the evidence."[23] Testimony of multiple collaborators—e.g. Eric Perry, Mark Allen, and Blaze Franklin—places Boyer at the various click houses on a regular basis. Boyer also placed the utilities at one of the click houses in his name, and these bills were entered into evidence at trial. Further testimony from many of the same collaborators indicated that Boyer ran errands for Perry, purchasing supplies necessary to cook crack cocaine. Although the Court is not bound quite as strictly as with the Motion for Judgment of Acquittal—it does not have to make all favorable inferences for the Government—there is still sufficient evidence to support the jury's verdict, and the Court finds no extraordinary circumstances justifying a new trial.

---

[19] *United States v. Hughes*, 505 F.3d 578, 592 (6th Cir. 2009).
[20] *Id.* at 593.
[21] *Shoemaker*, 746 F.3d at 619, 631.
[22] Rec. 409-1, p. 2-5.
[23] Rec. 432, p. 16-17.

**CONCLUSION**

For the foregoing reasons, Jeffery Perry's *Motion for Judgment of Acquittal or in the Alternative New Trial*[24] is DENIED. Charles Boyer's *Post-Trial Motion for Judgment of Acquittal*[25] is also DENIED.

Signed in Baton Rouge, Louisiana, on <u>January 8, 2015</u>.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[24] Rec. Doc. 410.
[25] Rec. Doc. 409.