# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA

VERSUS

JEFFREY D. PERRY ET AL.

CRIMINAL ACTION

NO. 13-057-SDD

## RULING ON DEFENDANTS' *MOTION FOR NEW TRIAL*

Defendants, Jeffery Perry ("Perry") and Jermaine Chapman ("Chapman"), move for a new trial of their convictions for possession of a firearm in furtherance of a crime of violence or a drug trafficking crime.[1] Following a two-and-a-half week jury trial, Perry and Chapman were convicted of multiple drug counts, including the count at issue, Count Ten, which charged Perry and Chapman with possession of a Smith and Wesson .38 caliber revolver and a Smith and Wesson .40 caliber pistol in furtherance of a crime of violence or a drug trafficking crime.[2]

Perry and Chapman move for a new trial on the grounds of newly discovered evidence.[3] The Defendants submit that "[s]ubsequent to trial, Mr. John K. West, arrested on the scene at 221 Evergreen Street on July 1, 2010, has stated that he owned and possessed both of these guns and stored them at 221 Evergreen Street without Mr. Perry's knowledge."[4]

---

[1] Rec. Docs. 465 and 467.
[2] Rec. Doc. 88.
[3] Fed. R. Crim. Proc. 33(b).
[4] Rec. Doc 465.

26772

## LAW AND ANALYSIS

A motion for a new trial on the grounds of newly discovered evidence, although disfavored,[5] should be granted if it is in the interest of justice.[6] To prevail on a motion for a new trial based on newly discovered evidence, the defendant must establish the following five elements:

> (1) The evidence is newly discovered and was unknown to the defendant at the time of trial; (2) failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence introduced at a new trial would probably produce an acquittal.[7]

In evaluating the motion, the Court analyzes these five factors against the backdrop of the substantive law of the challenged count of conviction. Defendants' motions fail to address any of the factors required to grant a new trial. The Court denied the Defendant's *Motion for Evidentiary Hearing*[8] because, even assuming that the Defendants present sufficient evidence of the first 4 elements required to succeed on their motion, the Court finds that this newly acquired evidence would not "probably" result in acquittal.

The subject Count of Conviction charged:

### COUNT TEN

On or about July 1, 2010, in the Middle District of Louisiana, JEFFERY D. PERRY, ERIC D. PERRY, also known as "WAYNE," JERMAINE J. CHAPMAN, also known as "DUMP TRUCK," and JONATHAN D. JOHNSON, also known as "JOHNNY," defendants herein, knowingly possessed a Smith and Wesson, .38

---

[5] *United States v. Gonzales*, 163 F.3d 255, 264 (5th Cir. 1998).
[6] Fed. R. Crim. Proc. 33(b) (2014).
[7] *United States v. Villarreal*, 324 F.3d 319, 325 (5th Cir. 2003) (quoting *United States v. Reedy*, 304 F.3d 358, 371 (5th Cir. 2002)).
[8] Rec. Doc. 465.

caliber revolver, bearing serial number C490438 and a Smith and Wesson .40 caliber pistol, bearing serial number PAV4863, in furtherance of the drug trafficking crimes charged in Counts One and Nine, conspiracy to possess with the intent to distribute and to distribute two hundred eighty (280) grams or more of cocaine base, also known as "crack" cocaine and five (5) kilograms or more of cocaine, and possession with the intent to distribute twenty-eight (28) grams or more of cocaine base, also known as "crack" cocaine and cocaine, which are violations of Title 21, United States Code, Sections 846 and 841 (a)(l) and Title 18, United States Code, Section 2.

The above is a violation of Title 18, United States Code, Sections 924(c)(1)(A) and 2.

As in this case, "[w]hen the conduct charged is *possession* of a firearm, the appropriate standard of participation is 'in furtherance' of [the drug trafficking] crime."[9] The jury found Perry and Chapman guilty of the predicate drug trafficking crimes charged in Counts One and Nine.[10] The jury also found Perry and Chapman guilty of Count Ten, possessing firearms in furtherance of the drug trafficking crimes.

Important to the analysis is the fact that one of the predicate drug trafficking offenses was a conspiracy charge.[11] In these circumstances, conspiracy required proof of (1) the existence of an agreement between two or more persons to violate the narcotics laws; (2) that each conspirator knew of the conspiracy and intended to join it; and (3) that each alleged conspirator participated in the conspiracy.[12] A member of a conspiracy "may be held liable for substantive offenses of a co-conspirator as long as

---

[9] *United States v. McGilberry,* 480 F.3d 326, 329 & n. 1 (5th Cir.2007); *United States v. Cooper*, No. CRIM. H-09-132, 2011 WL 4591970, at *2 (S.D. Tex. Sept. 30, 2011) aff'd, 714 F.3d 873 (5th Cir. 2013).
[10] Rec. Docs. 400 and 401.
[11] Count One:
> did conspire with each other and others, both known and unknown to the Grand Jury, knowingly and intentionally to distribute and to possess with the intent to distribute two hundred and eighty (280) grams or more of cocaine base, also known as "crack" cocaine and five (5) kilograms or more of cocaine, Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1), and did aid and abet the commission of said conspiracy.

[12] *United States v. Morris*, 46 F.3d 410, 414-15 (5th Cir. 1995); *U.S. v. Maseratti,* 1 F.3d 330, 337 (5th Cir.1993), cert. denied, 510 U.S. 1129, 114 S.Ct. 1096, 127 L.Ed.2d 409 (1994); *United States v. Gonzales*, 79 F.3d 413, 423 (5th Cir. 1996).

the acts were reasonably foreseeable and done in furtherance of the conspiracy regardless of whether he had knowledge of or participated in the substantive acts."[13]

The Government argues that, even were the evidence to establish that West owned the guns, this evidence would not likely result in Perry or Chapman's acquittal on the charge of possessing a firearm in furtherance of a drug trafficking crime.

The Court agrees. The location of the firearms recovered in this case is significant to the analysis and conclusion. At trial, the Government presented evidence that the guns charged in Count Ten were recovered by law enforcement at 221 Evergreen Street, in a concealed compartment under a false bottom, beneath the sink inside a kitchen cabinet.[14] The evidence further established that the 221 Evergreen Street residence was operated as a "click" house by Perry, with Chapman's assistance.[15]

The Court finds it improbable and highly unlikely that West would have gained access to the "click" house and knowledge of its hidden compartments without either being a participant in the activities or without the knowledge and assistance of Perry and or Chapman. It strains credulity to suggest that West snuck into this "click" house and, unbeknownst to Perry or Chapman who operated out of the location, hid weapons in a secret compartment, under a false bottom inside a cabinet. The Court finds it more likely that, given West's apparent intimate knowledge of the "click" house and its secret hiding places, a reasonable jury could conclude that West knew of, and participated in, the agreement to distribute cocaine and cocaine base ("crack" cocaine). In which case,

---

[13] *United States v. Wilson*, 105 F.3d 219, 221 (5th Cir 1997) (citing *Pinkerton v. United States*, 328 U.S. 640, 647-48 (1946)).
[14] U.S. Exhibits 9-E, 9-F, 10-A, and 10-C.
[15] One of two residences, where illegal narcotics were possessed and distributed.

Perry and Chapman would be criminally answerable for possession of the firearms in furtherance of drug trafficking under the *Pinkerton Doctrine*

In reply, Perry argues that these are merely speculative theories. Perry argues that he "did not invite Mr. West to his home, Mr. Perry had no knowledge that he was coming, Mr. Perry did not know that Mr. West would bring and store guns at the home, and Mr. West did not inform Mr. Perry of any of this. Therefore, it was not foreseeable to Mr. Perry that any of this would occur and he cannot be found criminally liable for any of these acts."[16]

Even if all of Perry's factual assertions were supported by testimony or other evidence, in light of the evidence of where the guns were hidden, the Court cannot conclude that the jury "probably" would have acquitted Perry or Chapman of Count Ten.[17] At trial, the jury heard extensive evidence about Perry's drug operation, including his use of "click" houses, including the one at 221 Evergreen. Multiple associates, including Darnell Dalton and Mark Allen, testified that Perry and Chapman sold drugs out of these "click" houses and used secret compartments to conceal weapons and drugs. If West had been at trial and testified that he owned the gun and stored it in the "click" house, even without Perry's knowledge, that he knew the location of the secret compartment and could access one of Perry's "click" houses without incident, strongly supports the notion that West was a co-conspirator. In which case, even if Perry and Chapman did not own the gun and were ignorant of its presence, they would still be criminally liable under the *Pinkerton* doctrine.

---

[16] Rec. Doc. 499.
[17] *United States v. Villarreal*, 324 F.3d 319, 325 (5th Cir. 2003) (quoting *United States v. Reedy*, 304 F.3d 358, 371 (5th Cir. 2002)).

## CONCLUSION

The Defendants' "newly discovered evidence" does not rise to the level of evidence which, if adduced at trial, would probably result in acquittal. Thus, the motions of Jeffery D. Perry[18] and Jermaine J. Chapman[19] are DENIED.

Signed in Baton Rouge, Louisiana, on May 20, 2015.

*Shelly D. Dick*
**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[18] Rec. Doc. 465.
[19] Rec. Doc. 467.

26772