AO 245B      (Rev. 09/11)  Judgment in a Criminal Case
Sheet1

# United States District Court
## Middle District of Louisiana

UNITED STATES OF AMERICA

v.

JEFFERY D. PERRY

**JUDGMENT IN A CRIMINAL CASE**
(For Offenses Committed On or After November 1, 1987)
Case Number:   3:13CR00057-001
USM Number:   06450-095

Lance Unglesby
Defendant's Attorney

**THE DEFENDANT:**

[ ]      pleaded guilty to count(s): ___.

[ ]      pleaded nolo contendere to counts(s) ___ which was accepted by the court.

[✔]      was found guilty on count(s) 1-2, 4-11, 13-15, and 17 of the Second Superseding Indictment  after a plea of not guilty.
The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|

See next page.

The defendant is sentenced as provided in pages 2 through _7_ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]      The defendant has been found not guilty on counts(s)  ___.

[ ]      Count(s) ___ is/are dismissed on the motion of the United States.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material changes in economic circumstances.

8/19/2015
_____
Date of Imposition of Judgment

*Shelly D. Dick*
_____
Signature of Judge

SHELLY D. DICK, United States District Judge
_____
Name and Title of Judge

8/27/2015
_____
Date

AO 245B     (Rev. 09/11) Judgment in a Criminal Case
            Sheet 1A

CASE NUMBER:         3:13CR00057-001                                     Judgment - Page 2  of  7
DEFENDANT:           JEFFERY D. PERRY

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to Distribute and to Possess with the Intent to Distribute 280 Grams or More of Cocain Base and Five Kilograms or More of Cocaine | September 30, 2011 | 1 |
| 21 U.S.C. § 841(a)(1) | Possess with the Intent to Distribute 28 Grams or More of Cocaine Base | June 10, 2009 | 2 |
| 21 U.S.C. § 841(a)(1) | Distribution of 500 Grams or More of Cocaine | September 8, 2009 | 4 |
| 18 U.S.C. § 2119 and § 2 | Carjacking | October 3, 2009 | 5 |
| 18 U.S.C. § 924(c)(1)(A)(iii) | Discharging, Carrying, and Using a Firearm During and in Relation to a Crime of Violence and a Drug Trafficking Crime | October 3, 2009 | 6 |
| 18 U.S.C. § 922(g)(1) | Possession of a Firearm by a Convicted Felon | October 4, 2009 and October 30, 2010 | 7 and 11 |
| 18 U.S.C. § 922(g)(1) and § 2 | Aiding and Abetting the Possession of a Firearm by a Convicted Felon | October 4, 2009 | 8 |
| 21 U.S.C. § 841(a)(1) | Possession with the Intent to Distribute Cocaine and 28 Grams or More of Cocaine Base | July 1, 2010 | 9 |
| 18 U.S.C. § 924(c)(1)(A) | Possession of a Firearm in Furtherance of a Drug Trafficking Crime | July 1, 2010 | 10 |
| 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 | Distribution of 28 Grams or More of Cocaine Base | July 13, 2011 | 13 |
| 21 U.S.C. § 841(a)(1) | Possess with the Intent to Distribute Cocaine Base | July 21, 2011 | 14 |
| 21 U.S.C. § 841(a)(1) | Distribution of 280 grams or more of Cocaine Base | July 21, 2011 | 15 |
| 21 U.S.C. § 841(a)(1) | Possess with the Intent to Distribute 500 grams or more of Cocaine | September 18, 2011 | 17 |

AO 245B      (Rev. 09/11) Judgment in a Criminal Case
Sheet 2 - Imprisonment

CASE NUMBER:      3:13CR00057-001                                      Judgment - Page 3 of 7
DEFENDANT:        JEFFERY D. PERRY

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of life imprisonment .

A term of life imprisonment on each of counts 1 and 15; 480 months on each of counts 2, 4, 9,13, and 17; 300 months on count 5; 120 months on count 6; 240 months on count 14; 120 months on counts 7, 8, and 11; and 60 months on count 10. The terms imposed on counts 1, 2, 4, 5, 7, 8, 9, 11, 13, 14, 15, and 17 are to run concurrently. The term imposed on count 6 shall run consecutive to the terms of imprisonment imposed on counts 1, 2, 4, 5, 7, 8, 9, 11, 13, 14, 15, and 17; and the term on count 10 shall run consecutively to the terms imposed on counts 1, 2, 4, 5, 6, 7, 8, 9, 11, 13, 14, 15, and 17, for a total term of life plus 180 months.

[✔]      The court makes the following recommendations to the Bureau of Prisons:
That the defendant be housed in a facility capable of providing him with mental health and anger management treatment, GED training, and vocational training.

[✔]      The defendant is remanded to the custody of the United States Marshal.

[ ]      The defendant shall surrender to the United States Marshal for this district.
[ ] at ___ on ___.
[ ] as notified by the United States Marshal.

[ ]      The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
[ ] before _ on ___.
[ ] as notified by the United States Marshal.
[ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.


_____
                                                                    UNITED STATES MARSHAL


                                                            By  _____
                                                                    Deputy U.S. Marshal

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 - Supervised Release

| | |
|---|---|
| CASE NUMBER:     3:13CR00057-001 | Judgment - Page 4  of  7 |
| DEFENDANT:       JEFFERY D. PERRY | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five years .

This term consists of terms of five years on each of counts 1, 2, 4, 5, 6, 9, 10, 13, 15, and 17; and terms of three years on each of counts 7, 8, 11, and 14, all such terms to run concurrently.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

[ ]      The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.  (Check if applicable.)

[✔]      The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check if applicable.)

[✔]      The defendant shall cooperate in the collection of DNA as directed by the probation officer.  (Check, if applicable.)

[ ]      The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense.   (Check, if applicable.)

[ ]      The defendant shall participate in an approved program for domestic violence.  (Check, if applicable.)

        If this judgment imposes a fine or restitution, it is be a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

        The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)    the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)    the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3)    the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)    the defendant shall support his or her dependents and meet other family responsibilities;
5)    the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)    the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)    the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)    the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)    the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10)   the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)   the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)   the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13)   as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 - Supervised Release
CASE NUMBER:        3:13CR00057-001                                    Judgment - Page 5  of  7
DEFENDANT:        JEFFERY D. PERRY

# SPECIAL CONDITIONS OF SUPERVISION

The defendant shall participate in a mental health assessment and/or treatment program and shall assist in the cost of said treatment, as approved by the probation officer.

The defendant shall participate in an anger management education and/or treatment program, and shall assist in the cost of said treatment, as approved by the probation officer.

The defendant shall refrain from any form of gambling and shall participate in a program for the treatment of gambling addiction, and shall assist in the cost of said treatment, as approved by the probation officer.

The defendant shall not enter, frequent, or be involved with any legal or illegal gambling establishment or activity, except for the purpose of employment, as approved by the probation officer.

The defendant shall conscientiously pursue a course of study of vocational training that will equip him/her for suitable employment, as approved the probation officer.

The defendant shall submit his or her person, property, house, residence, vehicle, papers or computers (as defined in 18 U.S.C. § 1030  (e )   (1 )  ) , other electronic communications or data storage devices or media, or office, to a search conducted by a United States probation officer.   Failure to submit to a search may be grounds for revocation of release.  The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.  An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that the defendant has violated a condition of his/her supervision and that the areas to be searched contain evidence of this violation.  Any search must be conducted at a reasonable time and in a reasonable manner.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 5 - Criminal Monetary Penalties

| | | |
|---|---|---|
| CASE NUMBER: | 3:13CR00057-001 | Judgment - Page 6 of 7 |
| DEFENDANT: | JEFFERY D. PERRY | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $1,400.00 | $ | $ |

[ ]    The determination of restitution is deferred until _.  An *Amended Judgment in a Criminal Case* (AO245C) will be entered after such determination.

[ ]    The defendant must make restitution (including community restitution) to the following payees in the amounts listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified otherwise in the priority order or percentage payment column below.  However, pursuant to 18 U.S.C.§3664(i), all non-federal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| TOTALS: | $ ____ | $____ | |

[ ]    Restitution amount ordered pursuant to plea agreement .......... **$____**

[ ]    The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[ ]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

[ ]  The interest requirement is waived for the               [ ]  fine               [ ]  restitution.

[ ]  The interest requirement for the [ ]  fine   [   ]  restitution  is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 6 - Schedule of Payments

| | |
|---|---|
| CASE NUMBER:        3:13CR00057-001 | Judgment - Page 7 of 7 |
| DEFENDANT:          JEFFERY D. PERRY | |

# SCHEDULE OF PAYMENTS

Having accessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A     [ ]     Lump sum of $ _  due immediately, balance due

        [] not later than _, or
        [] in accordance        [] C,  [] D,  [] E, or [] F below; or

B     [✔]     Payment to begin immediately (may be combined with [] C, [] D, or [✔] F below); or

C     [ ]     Payment in equal _  (e.g. equal, weekly, monthly, quarterly) installments of $ _  over a period of _ (e.g., months or years) to commence _ (e.g., 30 or 60 days) after the date of this judgment; or

D     [ ]     Payment in equal _  (e.g. equal, weekly, monthly, quarterly) installments of $ _  over a period of _ (e.g., months or years) to commence _ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E     []     Payment during the term of supervised release will commence within _(e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F     [✔]     Special instructions regarding the payment of criminal monetary penalties:

        $1,400.00 special assessment, due immediately.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary payments, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

    [ ]     Joint and Several
        Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

    [ ]     The defendant shall pay the cost of prosecution.

    [ ]     The defendant shall pay the following court costs:

    [✔]     The defendant shall forfeit the defendant's interest in the following property to the United States:
        Pursuant to 21 U.S.C. § 853, the defendant is ordered to forfeit any and all property constituting, or derived from proceeds obtained, directly or indirectly, as a result of this conviction, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of this offense, including a forfeiture money judgment in favor of the United States in the amount of $10,505,250.00. Additionally, pursuant to 18 U.S.C. § 924(d), the defendant's interest in a Smith & Wesson .40 caliber pistol, Serial Number RBP4454; a Ruger, Model P94, .40 caliber pistol, Serial Number 341-48755; a Taurus, Model PT100AFS, .40 caliber pistol, Serial Number SZC94583; a Smith & Wesson .40 caliber pistol, Serial Number PAV4863; a Smith & Wesson, 38 caliber revolver, Serial Number C490438; and a Titan Tiger .38 caliber revolver, Serial Number N031278 shall be forfeited to the United States.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal,
(5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.