# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

**LYLE W. CAYCE**  
**CLERK**

**TEL. 504-310-7700**  
**600 S. MAESTRI PLACE**  
**NEW ORLEANS, LA 70130**

October 26, 2018

Mr. Michael L. McConnell  
Middle District of Louisiana, Baton Rouge  
United States District Court  
777 Florida Street  
Room 139  
Baton Rouge, LA 70801

    No. 17-30843   USA v. Jeffery Perry  
                        USDC No. 3:13-CR-57-1

Dear Mr. McConnell,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                            Sincerely,

                            LYLE W. CAYCE, Clerk

                            By: _____  
                            Kenneth G. Lotz, Deputy Clerk

cc:  
    Mr. John Harvey Craft  
    Ms. Mary Patricia Jones  
    Mr. Robert William Piedrahita

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 17-30843
Summary Calendar

D.C. Docket No. 3:13-CR-57-1

United States Court of Appeals
Fifth Circuit
**FILED**
October 4, 2018
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

JEFFERY D. PERRY,

    Defendant - Appellant

Appeal from the United States District Court for the
Middle District of Louisiana

Before JOLLY, COSTA, and HO, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.



**Certified as a true copy and issued
as the mandate on** Oct 26, 2018

Attest: *Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

#### IN THE UNITED STATES COURT OF APPEALS
#### FOR THE FIFTH CIRCUIT

No. 17-30843
Summary Calendar

United States Court of Appeals
Fifth Circuit
**FILED**
October 4, 2018
Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

          Plaintiff-Appellee

v.

JEFFERY D. PERRY,

          Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:13-CR-57-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:*

    Jeffery D. Perry appeals for the second time. In the first appeal, we affirmed his drug, firearm, and carjacking convictions and rejected his sentencing challenges. But the government also appealed, and we agreed with its argument that the district court failed to properly apply a mandatory minimum to one of his firearm convictions. So we remanded for correction of that error. *See United States v. Chapman*, 851 F.3d 363 (5th Cir. 2017).

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30843

In this appeal, Perry contends for the first time that the district court committed plain error by imposing a special condition of supervised release requiring him to participate in a mental health treatment program despite a lack of evidence of his need for such treatment.

The Government has filed a motion for summary affirmance. It argues that Perry's appeal of the mental health special condition is foreclosed by the "mandate rule" because he did not raise the issue in his initial appeal. *See generally United States v. Lee*, 358 F.3d 315, 321 (5th Cir. 2004); *United States v. Marmolejo*, 139 F.3d 528, 531 (5th Cir. 1998). We agree. When a case is remanded to the district court for resentencing, "only those discrete, particular issues identified by the appeals court for remand are properly before the resentencing court." *Id.* at 530. Although "exceptional circumstances" may overcome the mandate rule, *Lee*, 358 F.3d at 320, the situation here strongly favor its application. As Perry was sentenced to life plus 360 months, it is unlikely he will ever serve supervised release. And a challenge to the special condition would face the demanding plain error standard of review given Perry's failure to object to it in the district court.

The Government's motion for summary affirmance is GRANTED. IT IS FURTHER ORDERED that the Government's alternative motion for a fourteen-day extension of time to file a brief on the merits is DENIED as moot.

2