UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA         CRIMINAL ACTION

VERSUS                           13-57-SDD-RLB

JEFFERY D. PERRY

## ORDER

Before the Court are Motions to Appoint Counsel (R. Docs. 707 and 714) filed by *Pro Se* Defendant Jeffery D. Perry ("Perry"). R. Doc. 714 also requests and extension of time that is duplicative of a prior filed and still pending motion. For the reasons set forth below, the Motions are **DENIED**.

I.  **Procedural History**

On September 23, 2014, the defendant was found guilty of numerous drug trafficking and firearm crimes. (R. Doc. 400). On August 19, 2015, he was sentenced to a life plus 15-year term imprisonment. (R. Doc. 532). Following a successful cross-appeal by the government regarding his sentence, Perry was resentenced by the district judge on October 5, 2017 to a total term of life plus 30 years. (R. Doc. 650).

The defendant was originally represented by retained counsel. Since that time, however, he has been found eligible for court appointed counsel on multiple occasions. (R. Docs. 615, 653, 654).

On October 26, 2018, the Fifth Circuit affirmed the District Court's judgment and the conviction and sentence are final. (R. Doc. 660). On April 15, 2022, the defendant filed a Motion for Compassionate Release. (R. Doc. 708). He now seeks appointment of counsel to represent him on that motion.

## II. Law and Analysis

General Order 2020-8 sets forth this Court's procedure for "efficiently" processing "motions and petitions raising potential claims for relief under Section 603 (compassionate release) of the 2018 First Step Act, codified under Title 18 U.S.C. § 3582(c)(1)(A)." Specifically, any motion or petition raising potential claims for compassionate release filed "pro se by a defendant previously determined to have been entitled to appointment of counsel and any defendant who is now indigent" are automatically referred to the Federal Public Defender ("FPD") for the Middle District of Louisiana for screening purposes. The FPD is required to screen any such motions/petition "to determine whether the defendant may qualify for relief under Section 603 of the First Step Act (18 U.S.C. § 3582(c)(1)(A)), and in appropriate cases, to enroll and present any petitions, motions, or applications to the Court for disposition." If, after the expiration of the FPD's fifteen-day screening period, no motion to enroll is filed by the FPD or CJA panel attorney, then the defendant "will proceed *pro se* and the Court will thereafter review and rule on any pending Compassionate Release matters and issue any necessary orders."

Perry, who was previously determined to have been entitled to appointment of counsel, has filed a request for compassionate release *pro se*. As he is a person who was "previously determined to have been entitled to appointment of counsel," the process of FPD screening in General Order 2020-8 is currently applicable to him. The fifteen-day screening period has expired and the FPD did not enroll. General Order No. 2020-8 provides that Perry shall present the Motion for Compassionate Release *pro se*.

In addition, as noted by another court in this Circuit, "the First Step Act does not provide for the appointment of counsel for those seeking relief under § 3582(c)(1)(A); nor has the Fifth Circuit addressed the issue. Notably, however, the Fifth Circuit has found that 'a defendant does not have statutory or constitutional right to appointed counsel in § 3582(c)(2) proceedings.'" *United States v. Dirks*, No. 14-374, 2020 WL 3574648, at *2 (N.D. Tex. June 30, 2020), *citing United States v.*

*Hereford*, 385 Fed. App'x 366, 368 (5th Cir. 2010) (*per curiam*) (citing United States v. *Whitebird*, 55 F.3d 1007, 1011 (5th Cir. 1995) (holding post-judgment motions to modify sentence under § 3582(c)(2) are "too far removed to be considered 'ancillary' to the criminal proceeding" to justify appointment of counsel under 18 U.S.C. § 3006A)).

In *Dirks*, the court went on to provide that "[t]he above holdings logically apply to § 3582(c)(1)(A) motions for sentence reduction or modification filed directly by defendants in court. Moreover, because 'the constitutional right to counsel extends only through the defendant's first appeal,' and not to post-conviction relief, a Sixth Amendment right to appointed counsel does not attach to motions filed under § 3582(c)(1)(A)." *Dirks*, 2020 WL 3574648, at *2, citing *Whitebird*, 55 F.3d at 1011; *see also United States v. Garcia*, 689 F.3d 362, 364-65 (5th Cir. 2012) (finding no constitutional right to appointed counsel for post-conviction relief). *Cf. U.S. v. Franks*, 31 Fed. Appx. 833, at *1 (5th Cir. 2002), *citing U.S. v. Whitebird*, 55 F.3d 1007, 1010-11 (5th Cir. 1995) (finding that a defendant is not entitled to assistance of counsel where the district court modified his sentence under 28 U.S.C. § 2255 and 18 U.S.C. § 3582(c)(1)).

The Court agrees that the defendant has no statutory or constitutional right to appointed counsel to assist in presentation of a motion for compassionate release.

Furthermore, to the extent the undersigned has the discretion to appoint counsel, based on the law and the facts of this case, the Court finds that such action is unwarranted.

**III. Conclusion**

For the reasons set forth above, the Motions for Appointment of Counsel (R. Doc. 707 and 714) are **DENIED**. The request for an extension of time in R. Doc. 714 is also **DENIED** as it is redundant to the pending request in R. Doc. 713.

Signed in Baton Rouge, Louisiana, on July 7, 2022.

_____
**RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE**